OPINION
Appellant GRE Insurance Group ("GRE") is appealing the decision of the Richland County Court of Common Pleas that denied its motion for summary judgment and granted Appellee John Carpenter's cross motion for summary judgment. The following facts give rise to this appeal.
On September 15, 1989, Appellee Carpenter executed an "Exclusion of Named Driver Endorsement" with Midwestern Indemnity Company, a member of the GRE Insurance Group. This exclusion provides:
 No coverage is afforded under the following policy(s) as indicated: X Private Passenger Automobile Policy Number 10152544
* * *
 While Michael Carpenter is using or operating any vehicle, including your insured car.
The exclusion was the result of appellee's son's driving record. Appellee agreed to the exclusion to reduce his insurance premiums. In June of 1998, appellee purchased a 1991 Dodge Stealth for $18,500. Appellee claims he informed his son that he was not permitted to drive the vehicle due to the exclusion contained in his policy with GRE. Despite these instructions, three months after appellee purchased this vehicle, appellee's son took the vehicle, in the early morning hours of November 21, 1996, and was involved in a one-car accident. As a result of the accident, appellee claims the vehicle is totaled.
Appellee subsequently submitted a claim to GRE. GRE denied coverage based upon the exclusion executed by appellee in September of 1989. Appellee commenced this suit on June 25, 1997. Following depositions, GRE filed a motion for summary judgment. Appellee filed a cross motion for summary judgment. On March 17, 1998, the trial court issued its judgment entry denying appellant's motion for summary judgment and granting appellee's cross motion for summary judgment. The trial court awarded appellee $20,100 in damages. Appellant timely filed its notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
 I
Appellant sets forth two arguments in its sole assignment of error. First, appellant maintains the exclusion of named driver endorsement is a clear and unambiguous exclusion that precludes appellee from recovering damages under his policy of insurance. Second, appellant maintains the trial court erred in awarding damages to appellee based on the lack of evidence necessary to establish such damages.
In concluding that appellee was entitled to coverage under his policy of insurance with appellant, the trial court found that the taking of appellee's vehicle, by his son, was a theft which triggered the theft provision of appellant's policy. The trial court also determined that the exclusion of named driver endorsement was ambiguous when applied in a situation where a vehicle is stolen by an excluded driver. Judgment Entry, March 17, 1998, at 2, 3.
Because an insurance policy is a contract, the relationship between the insurer and the insured in purely contractual in nature. Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109. As a contract, the interpretation and construction of insurance policies is a matter of law to be determined by the court using rules of construction and interpretation applicable to contracts generally. Gomolka v. State Auto. Mut. Ins. Co. (1982),70 Ohio St.2d 166, 167-168. In interpreting the language of an insurance policy, the words and phrases are to be given their plain and ordinary meaning unless there is something in the contract that would indicate a contrary intention. Olmstead v.Lumbermens Mut. Ins. Co. (1970), 22 Ohio St.2d 212, 216. When the language is clear and unambiguous, courts cannot alter the provision of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties. Gomolka at 168.
Although the trial court found an ambiguity, in the exclusion of named driver endorsement, as to whether appellee's son's use of the vehicle was authorized or unauthorized, we find no such ambiguity exists. The determination of whether the use or operation of the vehicle was authorized is irrelevant because no such distinction is contained in the exclusion of named driver endorsement. The endorsement merely states "while using or operating any vehicle". Since the parties did not create a distinction regarding whether the use of the vehicle was authorized or unauthorized, we find it improper to create one.
Second, we find no language, in the exclusion of named driver endorsement, that would permit appellee to recover under certain sections of his policy if his son used or operated the vehicle. As written, the endorsement applies to policy number 101524544, as a whole. No distinction exists based upon what section of the policy appellee sought coverage. The exclusion clearly provides that coverage is unavailable under all sections of the policy.
Third, we also find no conflict exists between the section of the policy providing for theft coverage and the exclusion of named driver endorsement. The exclusion clearly denied coverage, under the entire policy, if appellee's son used or operated the vehicle. Had this accident occurred, as the result of the theft of appellee's vehicle by anyone else but appellee's son, coverage would have been available under the policy at issue. As noted above, the exclusion did not make a distinction based upon the various sections of coverage contained in the policy. Finally, this type of endorsement has been held to be an unambiguous and valid exclusion of coverage. See Childers v. Motorist Mut. Ins.Co. (Aug. 24, 1990), Lake App. No. 89-L-14-030, unreported.
Based upon the above, we find the trial court should have granted appellant's motion for summary judgment and denied appellee's cross motion for summary judgment.
Appellant's first assignment of error is sustained. We will not address appellant's second argument regarding damages as it is moot.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, is reversed.